## McKay, et al., *v.* J. W. Sutherland.

**Sale of Real Estate by Parol—Possession—Lien for Purchase Money.**
    A purchaser of real estate by parol who has been put into possession thereunder has a lien for the purchase price on the premises, on a rescission of his contract not only as against his vendor but against the claim of a subsequent purchaser with notice of his prior purchase.

### APPEAL FROM DAVIESS CIRCUIT COURT.

#### October 18, 1876.

Opinion by Judge Elliott:

The appellee, Sutherland, charges in his petition in this action that he bought a half-acre lot of land of appellant and paid him for it; that the contract was verbal; that appellant put him in possession of the lot, but afterwards refused to convey it to him, and sold the lot to appellant, Givens; that the lot was worth $125, and that appellee had given said sum for it.

The appellants failed to answer, and judgment was rendered

against appellant, U. McKay, by which said contract was declared not to be enforcible, and a judgment rendered for plaintiff for $125 and costs; and it was further adjudged that as the adjudged sum was the purchase price of a lot of land, and as appellant could not enforce his contract for a conveyance he had an enforcible lien upon said land for the purchase price thereof, which lien was enforced and the land ordered to be sold by the judgment.

After judgment was rendered, the appellant, McKay, offered to file an answer; but as he failed to show why he did not answer before judgment, we think the court did not abuse a sound discretion in overruling his motion. The petition states that appellant, Givens, had notice before his purchase of the lot, that appellee had bought by parol contract and paid for it, and that he had been put in possession.

A purchaser by parol, who has paid the purchase money and been put in possession of the purchased premises, has a lien for the purchase price on the premises on a rescission of his contract, not only as against his vendor, but against the claim of any subsequent purchaser, with notice of his prior purchase, and as this was all that was done in this case, said judgment must be *affirmed*.

*W. N. Sweeney, for appellants. Owen & Ellis, for appellee.*